## Zeigler Lumber Company v. Ryan et al.

Before Lencher, P. J., McBride and Kaufman, JJ.

*Charles I. Zeigler*, for plaintiff.

*Thomas P. Monteverde*, for defendant.

*Arthur D. Gatz, Jr.*, for additional defendant.

LENCHER, P. J., November 17, 1952. — We have heard the oral arguments of counsel on our general argument list, carefully considered the entire record and briefs filed, and we are constrained to the conclusion that the preliminary objections raised by Edgar Danovitz and Marie Danovitz, his wife, alleged additional defendants, raising questions of law and misjoinder in this cause of action must be sustained. On April 23, 1952, plaintiff sued in assumpsit, alleging delivery to Ryan, defendant contractor, of goods, wares and merchandise indicated in exhibit A, a copy of plaintiff's books of original entry, for the total selling price of $2,946.42; that defendant made a payment on

September 1, 1951, of $1,500, and demanding, with interest, the balance due of $1,446.42. Ryan filed an answer to that action; that answer is now under attack by plaintiff. The question of the sufficiency of Ryan's original answer we will determine later.

We take up the preliminary objections to Ryan's actions and pleadings issued by him on June 16, 1952, joining the Danovitzes as additional defendants "in this action," on the theory that they are jointly liable with defendant for the allegations declared upon, or that they are liable over to defendant for any sums which he might be obliged to pay plaintiff by reason of the cause of action upon which plaintiff has sued. The theory that the alleged additional defendants might be jointly liable with original defendant is not remotely sustained by anything in the pleadings or record. In Ryan's original answer to the suit in assumpsit he does not implicate either of the Danovitzes, husband or wife, as in any manner or form liable or responsible, directly or indirectly, primarily or secondarily, in connection with the purchase and delivery of the building materials, payment for the balance of which is the basis for the original suit against Ryan. Nor is there legal basis for the possible claim that the Danovitzes might be liable over to Ryan on the basis of the pleadings filed against them by Ryan, such supposed basis arising out of a written agreement, exhibit A.

Therein, Ryan, defendant contractor, agrees to build for the Danovitzes on Forest Glen Road, fourteenth ward, Squirrel Hill, Pittsburgh, here in our county, a dwelling house; the general covenants and requirements in a building contract are given, including the total price of $19,300 to be paid in certain percentages after certain points are reached in the progress of the structure. Ryan alleges in the pleading against additional defendants the receipt of the first two installments due him against the total price for the structure,

charges Danovitz with interference in the progress of the work, thus compelling him, Ryan, to spend monies in excess of the proper costs; alleges that he, Ryan, made correction of allegedly defective points in the structure, demanded balances due of the Danovitzes, so that original plaintiff could be paid in full such sums as were presumably due the Zeigler Company. In the paragraph next to the last in the writing relied upon by Ryan it is expressly declared that the Danovitzes shall have the right to notify Ryan of their dissatisfaction with his work; indeed that they shall have the option to employ others to complete the work.

Under the provisions of Pa. R. C. P. 2252(*a*), original defendant may join as an additional defendant a person not a party to the action, who may be either alone liable or liable over to original defendant on the cause of action declared upon. But it is well settled in Pennsylvania that the cause of action as to which original defendants may bring in additional defendants must be and remain *"the cause of action declared on by the plaintiff in the action against the original defendant."* The rule was not intended to complicate legal proceedings by opening separate causes of action in one suit. Land Title Bank and Trust Company v. Cheltenham National Bank, 362 Pa. 30, 66 A. 2d 768.

Original defendant's contention and our desire to avoid multiplicity of suits cannot move us to ignore the mandate of appellate court actions on this specific issue. True, in Bollin v. Elevator Construction & Repair Co., Inc., et al., 361 Pa. 7, 63 A. 2d 19, additional defendant assumed in writing to discharge a statutory duty to inspect and repair elevators, a violation or breach of which duty was found to lead proximately to the injuries of original plaintiff. But where such duty is not created by law and does not clearly and affirmatively appear in the writing relied upon, then possible liability of one party to indemnify another should be de-

termined on action on such contract of indemnity, and may not be adjudicated in a simple suit for payment for goods sold and delivered. See Donnelly, admx., v. Fred Whittaker Company et al., 364 Pa. 387, 72 A. 2d 61.

In Pennsylvania Railroad v. Myers, 67 D. & C. 430, it was held that in an action of assumpsit by a railroad company against a contract trucker to recover for damage to cargo for which the trucker was allegedly liable under contract with plaintiff, the trucker's cargo insurance carrier cannot be joined as additional defendant since its liability to defendant, if any, is upon its contract of insurance, which is a different cause of action from that between plaintiff and the trucker based on the contract between them. In Tele-Tone National Corp. v. Sheftz et al., 77 D. & C. 459, it was held that in an action of assumpsit to recover a sum for goods sold and delivered to defendant, the latter may not, under Pa. R. C. P. 2252(a), join as additional defendant two common carriers on the allegation that they agreed, for a consideration, to transport and deliver the merchandise back to plaintiff, which they failed to do, for the reason that the cause of action declared upon by plaintiff is not the same as the cause of action arising out of the carrier's breach of contract. In Coulter v. McHenry, 62 D. & C. 637, it was held that in an action of assumpsit, where a real estate agent is sued by a prospective purchaser of property to recover a down payment, he may not join as an additional defendant, under Pa. R. C. P. 2252, the owner of the property, claiming commissions due him for effecting the sale to plaintiff, for the claim is not founded upon the same cause of action. We do not presume to pass upon the merits of the disputes pending between Ryan and the Danovitzes. If the latter are not jointly liable with Ryan on any possible basis legally subsisting between Ryan and the Zeigler Company, original plain-

502

tiff, they are not liable over to Ryan because of any obligations subsisting between him and his original plaintiff.